The opinion of the Court was delivered by
Mr Justice Johnson.
There is no rule of law more generally received, than that penal statutes are to be strictly construed in favour of innocence, and that nothing is to be taken by intrudment or implication. It follows, then, that wherever the construction is doubtful, this inclination of construction in favour of innocence ought to decide it. The question in this case appears to me to turn principally on the *130 term lotteries, as used in the act. If, then, I show 7 % 7 7 that the facts offered in evidence do not constitute a lottery, or that it is doubtful whether it does or ” then this motion ought not to prevail. When terms of art are used, they are understood as applied to the class to which they belong; so, when words of legal import are used, they are to be construed according to their legal signification ; and when words of ordinary import are used, they are to receive the construction in which they are commonly accepted. The term lotteries, as used in the act, appears to me to be a term of art, for if otherwise it may mean any thing, as in common parlance it is applied to one half of the ordinary occurrences or accidents of life. If, then, it be a term of art, and it is to be applied to the class to which it belongs, it embraces only one class of adventures or hazards, the grand schemes of which oür newspapers daily exhibit. I do not mean by this that a lottery cannot exist without this formality and publicity, but I mean only to say that there may be an adventure or hazard without a lottery; every throw of the die, even for an ordinary wager, is an adventure or hazard, and I am sure it never yet entered the mind of any man that it constituted a lottery. The term raffling is as well understood, and as universally received, as applying to the particular species of hazard or adventure offered in evidence in support of this indictment, as the term lottery is to the subject before men *131 iioned; it is not, therefore, necessarily included in it, and if the rules laid down be correct, ought not to be construed to mean a lottery. Besides, the act expressly designates the means or instruments by which it is to be effected; they consist of dice, lots, cards, balls, numbers, figures, or tickets. If those used on this occasion are included in them, it is in the term lots, and this, like its derivative, may be confined to a particular class. There is, however, another thing which is entitled to weight in this case: the species of adventure or hazard denominated raffling has been practised in this state since its first settlement; the oldest man living has no knowledge of its origin, and this act has remaim ed on our statute book for about sixty-five years; and this is the first prosecution that was ever heard of for this offence. Now, although this of itself ought not to control the construction when the -meaning was plain and obvious, yet, on a doubtful question, it ought to preponderate in favour of innocence.
I am therefore of opinion that the motion ought to.be rejected.
Bat/, Colcoch, and Gantt, J. concurred^,
JYott and Chsves, J. dissented.